UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

STUDIO A ENTERTAINMENT, INC.

                Plaintiff,

v.

UPRIGHT VIDEO, NICK GENTILE, HELENA
GENTILE and JOHN DOES 1-10,

                Defendants.

------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 24 2005 ★

LONG ISLAND OFFICE

Civil Action No.

CV 05 4045

(SI)

WEXLER, J.

LINDSAY, M.

## COMPLAINT

Plaintiff, by its attorney Jules D. Zalon, as and for its complaint against the defendants herein, hereby respectfully alleges the following upon knowledge as to plaintiff's own acts and upon information and belief as to all other matters:

1. Plaintiff Studio A Entertainment, Inc. is a California corporation whose principal place of business is at 1625 Stanford Street, Santa Monica, CA 90404.

2. Defendant Upright Video is a business entity whose formal organization is not presently known, but whose principal place of business is at 242 Kramer Drive, Lindenhurst, New York.

3. Defendants Nick Gentile and Helena Gentile reside at 242 Kramer Drive, Lindenhurst, New York, and are principals of or are otherwise associated with defendant Upright Video and have caused it to commit the acts hereafter alleged.

4. The defendants described as John Does are associated with the named defendants in the duplication, distribution and/or sale of the infringing items hereinafter identified. The identity of such John Does is not presently known and the complaint will be amended to include the name or names of said individual(s) when identified.

5. Each of the defendants regularly does business in the state of New York and the causes of action hereinafter alleged arise out of their transaction of business in the State of New York.

## JURISDICTION AND VENUE

6. The causes and separate counts set forth hereinbelow arise under the Copyright Act, Title 17 U.S.C. 101, et seq. and Trademark Act, Title 15 U.S.C. 1501, et seq. as well as the common law of this state, and jurisdiction and venue are founded upon Title 17 U.S.C. 101, Title 15 U.S.C. 1501 et seq., Title 28 U.S.C. 1331, 1338, 1391(b), 2201 and 2202. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars. A substantial portion of the events giving rise to the claims have occurred in the state of New York.

## AS AND FOR A FIRST COUNT FOR COPYRIGHT INFRINGEMENT

7. Commencing in or about 1995, plaintiff created numerous original feature length motion pictures in video format, each of which videos contain material wholly original with plaintiff, and represent copyrightable subject matter under the laws of the United States.

8. The said videos have been published on various dates by or under the authority of said plaintiff, and sold and distributed widely throughout the United States.

9. Plaintiff has filed applications and obtained copyright registrations for many of the said works, including the following (listed on Page 3):

| TITLE | PA REG. NO. | VA REG. NO. | DATE |
|---|---|---|---|
| WET | PA 901-902 | VA 929-142 | June 17, 1998 |
| AROUSED | PA 1-038-406 | VA 1-117-726 | Sept. 7, 2001 |
| PIN-UPS 2 | PA 1-036-401 | VA 1-117-721 | Sept. 7, 2001 |
| DECADENCE | PA1-038-398 | VA 1-117-718 | Sept. 7, 2001 |
| HIDDEN OBSESSIONS | PA 1-762-816 | | Dec. 12, 1992 |
| SECRET PARIS | PA 1-038-400 | VA 1-117-720 | Sept. 7, 2001 |
| HIGH HEELS | PA 1-038-404 | VA 1-117-724 | Sept. 7, 2001 |
| CAPTURED BEAUTY | PA 2-075-007 | VAu 357-182 | Feb. 20, 1996 |
| ARIA | PA 1-038-399 | VA 1-117-719 | Sept. 7, 2001 |
| BLOND & BRUNETTES | PA 1-038-405 | VA 1-117-725 | Sept. 7, 2001 |
| PLAYTHINGS | PA 1-038-402 | VA 1-117-722 | Sept. 7, 2001 |
| EXHIBITIONISTS | PA 1-247-225 | VA 1-282-370 | Oct. 22 2004 |
| PARIS CHIC | | VA 831-158 | May 9, 1997 |
| PARIS CHIC | PA 843-943 | | Apr. 11, 1997 |
| GIRLFRIENDS | PA 1-247-221 | VA 1-282-366 | Oct. 22, 2004 |
| DARK ANGEL | PA 901-900 | VA 929-140 | June 17, 1998 |
| THE VILLA | PA 1-247-222 | VA 1-282-367 | Oct. 22, 2004 |
| PIN-UPS | PA 1-038-403 | VA 1-117-723 | Sept. 7, 2001 |
| LES FEMMES EROTIQUES | PA 662-859 | | June 15, 1994 |
| UNLEASHED | PA 843-989 | | Apr. 11, 1997 |
| UNLEASHED | | VA 834-150 | May 22, 1997 |
| POSSESSIONS | PA 901-901 | VA 929-141 | June 17, 1998 |
| DELIRIOUS | PA 901-903 | VA 929-143 | June 17, 1998 |
| AB'S FANTASY WOMEN | PA 680-787 | | June 15, 1994 |
| AB'S SEX AND MONEY | PA 657-971 | | May 8, 1995 |
| PRIVATE PROPERTY | PAu 2-075-006 | | Feb. 20, 1996 |
| DOLLHOUSE | | VA 1-282-368 | Oct. 22, 2004 |
| SENSUAL EXPOSURE | PA 730-499 | | Dec. 22, 1994 |
| NAKED DIVA | PA 1-247-227 | VA 1-282-372 | Oct. 22, 2004 |
| FLIRTS | PA 1-247-226 | VA 1-282-371 | Oct. 22, 2004 |

10. Defendants have infringed a great many of the said copyrights by selling unauthorized DVDs bearing certain of the said works.

11. The defendants and each of them have performed each of the acts referred to the preceding paragraphs without the permission, consent or authority of the plaintiff and are therefore violating the copyrights of the plaintiff in each of the said works.

12. The said defendants and each of them have, and at all times relevant to the acts set forth hereinabove had, actual and constructive knowledge of the rights of plaintiff, but have proceeded in complete disregard thereof.

13. Pursuant to 17 U.S.C. 505, the plaintiff is entitled to recover attorneys' fees and costs incurred in bringing this action.

### AS AND FOR A SECOND COUNT FOR FEDERAL TRADEMARK INFRINGEMENT

14. Plaintiff hereby realleges, as if fully set forth, the allegations of Paragraphs 1 through 13 herein.

15. In or about 1989, plaintiff adopted and used in interstate commerce the name and trademark **Andrew Blake** in connection with the production and sale of motion picture films, pre-recorded videotapes and video discs, i.a., featuring adult entertainment, and have since used the said mark to identify their products and services, and to distinguish them from those offered by others by, among other things, prominently displaying the mark **Andrew Blake** on videocassettes, DVDs, posters and packaging containing motion pictures, on letterheads, direct mail and point-of-sale advertising, and in other media, including on the Internet, throughout the United States.

16. As a result of the wide and prominent advertising and use of such mark, said **Andrew Blake** trademark has developed and now possesses a secondary and distinctive trademark meaning to purchasers of such videos.

4

17. On August 3, 1995, plaintiff filed an application for registration of said mark in the United States Patent & Trademark Office. On March 24, 1998 the said mark was registered in the United States Patent & Trademark Office on the Principal Register under the Act of 1946 under Registration No. 2,146,619 covering use of the mark in connection with, inter alia, videos, discs and CD-ROMs featuring erotic films; also in connections with the writing, directing and producing of such films, inter alia. A copy of the registration certificate is annexed hereto as Exhibit A. Since such date and continuing to the present, plaintiff has been the owner of said registration, which is valid and subsisting.

18. The defendants have infringed plaintiff's mark in interstate commerce by various acts, including utilizing the **Andrew Blake** trademark in connection with their manufacture and/or sale of counterfeit videos, as more fully set forth in the first and second counts of this complaint. The use of said infringing mark by defendants is without permission or authority of plaintiff, and said use by defendants is likely to cause confusion, to cause mistake and to deceive.

19. The aforesaid acts of the defendants have been committed willfully and with full knowledge of the rights of plaintiff and with the intention of deceiving and misleading the public and of wrongfully misappropriating and trading upon the nationally recognized value of the good will and reputation inhering in plaintiff's trademark and of benefitting from and depriving plaintiff of the benefits arising from such reputation and goodwill.

20. Since the date of registration, plaintiff has regularly given notice that the mark is registered in the U. S. Patent & Trademark Office.

21. Upon information and belief, the defendants have been transacting and continue to transact business in this state and elsewhere in interstate commerce, and have been and continue to infringe plaintiff's trademark rights in this state and elsewhere in

interstate commerce, and regularly have been and now do business and solicit business and derive substantial revenue from goods sold, used and consumed in this state and elsewhere in interstate commerce. The defendants expected or should have reasonably expected that their unlawful acts would have consequence in this state.

22. Defendants' use in commerce of the trademark **Andrew Blake** in connection with their own counterfeit videos is an infringement of plaintiff's registered trademark in violation of 15 U.S.C. 1114.

## DAMAGE TO PLAINTIFF

23. The acts, conduct and threatened acts and conduct of defendants as hereinabove alleged, are causing, and unless enjoined and restrained will continue to cause, plaintiff serious and irreparable injury which cannot be fully, adequately or readily compensated by money damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable injury, loss and damage unless defendants are restrained and enjoined by this Court from continuing to perform the aforesaid acts of copyright and trademark infringement and other acts of unfair competition.

24. It will be impossible to ascertain the amount of compensation which could afford plaintiff adequate relief for such threatened and continuing acts, and a multiplicity of judicial proceedings would be required.

## PRAYER FOR RELIEF

25. WHEREFORE, plaintiff requests judgment as follows:

A. That defendants, their agents, servants, employees, officers, successors and assigns and all persons acting under the defendants or on their behalf, be permanently enjoined from directly or indirectly:

(i) directly or indirectly infringing any of plaintiff's copyrights or the copyrights of any other adult video producer;

(ii) using the name and trademark **Andrew Blake** or any colorable variation thereof, which is likely to cause confusion, mistake or to deceive;

(iii) applying the term **Andrew Blake**, or any reproduction, counterfeit, copy or colorable imitation thereof, to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used or capable of being used, or used in connection with the sale, offering for sale, distribution or advertising of goods or services or in connection with which such use is likely to cause confusion or to cause mistake or to deceive;

(iv) making, having made for them, selling, distributing or disposing of in any manner any advertisements or promotional material including ad mats, point of sale devices, catalogs, letters, posters or brochures using the term;

(v) offering for sale or selling any videos utilizing the titles of any of plaintiff's videos as the titles for their own videos, or any colorable variation thereof;

(vi) representing that any video manufactured, distributed, sold, held for sale or advertised by them emanates from the plaintiff, or is sponsored or authorized by plaintiff;

(vii) aiding, abetting, encouraging or inducing another to do any of the acts herein enjoined.

      B.     That defendants, and each of them, be required to account and pay over to the plaintiff all gains, profits and advantages derived by each of them from their copyright infringement and their infringement of plaintiff's registered trademark, and in addition the damages which the plaintiff has sustained by reason of the defendants' said acts..

      C. Alternatively, at plaintiff's election, because of the willful nature of said infringements, the Court award plaintiff statutory damages in the amount of $150,000 with respect to each copyright infringement, to the extent allowed by §504(c) of the Copyright Act, and three times the amount of the damages sustained by reason of the defendants'

infringements of plaintiff's federally registered trademarks, as provided in §1117 of the Trademark Act.

D. That the defendants be required to pay to the plaintiff the costs of this action, and reasonable attorneys' fees to be allowed by the Court.

E. That the defendants be required to deliver up to the plaintiff all illegal duplications of videos, and all related material in their possession or under their control, including (a) all negatives, positive film prints, transcriptions, recordings, video masters, video tapes or video cassettes, film; (b) all machinery, equipment and components intended to be used, or capable of being used, in the preparation, production or assembly of infringing copies of the videos, including video copying machines; and (c) all documents related thereto in their possession or control.

F. That the defendants be required to recover from their customers, retailers and all others all infringing videos, including offering reimbursement for same, and delivering up the same to the plaintiff for destruction or other disposition.

G. That plaintiff have such other and further relief as the Court deems just and proper.

Dated:    Maplewood, N.J.
          August 23, 2005

                                              _____
                                              Jules D. Zalon
                                              26 Oakland Road
                                              Maplewood, New Jersey 07040
                                              Tel: (973) 762-8400
                                              Fax: (973) 762-9242          JZ 5751
                                              Attorney for Plaintiff

New York Office:
   c/o Law Offices of Michael Rosenberg
   20 Marilyn Avenue
   Armonk, New York 10504
   Tel:  914-683-0800
   Fax:  914-949-1094

Please address all correspondence to our New Jersey Office

8

# EXHIBIT A

Int. Cls.: 9, 16, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, and 107

Reg. No. 2,146,619

## United States Patent and Trademark Office

Registered Mar. 24, 1998

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER

### ANDREW BLAKE

STUDIO A ENTERTAINMENT, INC. (CALIFORNIA CORPORATION)
2554 LINCOLN, NO. 158
MARINA DEL REY, CA 90291 ASSIGNEE OF NEVITT VIDEO PRODUCTIONS, INC. (CALIFORNIA CORPORATION) SANTA MONICA, CA 90405

FOR: VIDEOS, TAPES, LASER DISCS, AND CD-ROMS FEATURING EROTIC FILMS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-0-1989; IN COMMERCE 11-0-1989.

FOR: POSTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 11-0-1989; IN COMMERCE 11-0-1989.

FOR: SERVICES IN MAKING ENTERTAINMENT MEDIA, NAMELY, WRITING, DIRECTING, AND PRODUCING FILMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-0-1989; IN COMMERCE 11-0-1989.

THE NAME SHOWN IN THE MARK DOES NOT IDENTIFY A PARTICULAR LIVING INDIVIDUAL. IT IS A FICTITIOUS NAME.

SN 74-710,696, FILED 8-3-1995.

DAVID M. MERMELSTEIN, EXAMINING ATTORNEY